## BOSWORTH *v.* CARR, RYDER & ENGLER COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 14. Argued October 24, 25, 1899.—Decided December 17, 1900.

This case having been argued with No. 12, *ante*, 415, at the same time, and by the same counsel, the decision of the court in that case is followed in this.

THE case is stated in the opinion of the court.

*Mr. Bluford Wilson* for Bosworth.

*Mr. Burton Harrison* for the Carr, Ryder & Engler Company.

MR. JUSTICE WHITE delivered the opinion of the court.

The claim presented on this record was for the value of a quantity of manufactured doors, sash, blinds and moldings, shipped from Dubuque, Iowa, on October 20, 1894, and consigned to the May & Thomas Hardware Company, Birmingham, Alabama, by way of East St. Louis. The car containing

the merchandise in question was received by the Peoria Company from the connecting carrier, and, at about three o'clock on the afternoon of October 28, 1894, was deposited in its portion of the yard of the Terminal Association at East St. Louis set apart for the use of the Peoria Company, under the agreement referred to in the opinion just delivered in *Huntting Elevator Company* v. *Bosworth*, No. 12 of this term. On the night of the date last mentioned the car and contents were destroyed by the same fire which consumed or damaged the property of the Huntting Elevator Company. Both of the courts below decreed the liability of the Peoria Company, the Court of Appeals declaring that "though in the physical possession, under its agreement with the receiver, of the car in which the goods were being transported, the Terminal Association had not become responsible as a carrier therefor, because it had not been put in possession of a way bill or other form of information on which it could proceed with the carriage." It necessarily results from the views expressed by us in the *Huntting Elevator Company* case that the courts below did not err in the decrees rendered by them upon this claim.

The decree of the Circuit Court of Appeals, affirming that of the Circuit Court, is accordingly

*Affirmed.*